IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAYMOND WOLF, <br><br> Plaintiff, <br><br> vs. <br><br> AUSTIN MUTUAL INSURANCE COMPANY and DOE CORPORATIONS 1-5, <br><br> Defendants. | 2:24-CV-00190-BMM <br><br> Judge Brian Morris <br><br> **PROTECTIVE ORDER** |

WHEREAS, upon review of the Parties *Stipulated Motion for Protective Order*, and good cause appearing therefore;

**IT IS HEREBY ORDERED** by the Court that the following restrictions and procedures shall apply to certain information, documents, electronically stored information, computer hard drives, and excerpts from documents supplied by the parties to each other in response to discovery requests, including Rule 24 inspections:

1.     Under Rule 26(c) of the Federal Rules of Civil Procedure, disclosure and discovery activity in this action are likely to involve production of confidential, financial proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Good cause exists for entry of this Order. This Order does not

confer blanket protections on all disclosures or responses to discovery. The protection this Order affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles.

2.    <u>Designation and Provision of Protected Material</u>. Recognizing that certain information and materials requested within discovery seeks information that may be confidential, proprietary, or private, the parties, through their respective counsel, stipulate and agree to the following:

a.    Documents or other information, or any portion thereof, believed to be private, proprietary, confidential and/or sensitive information shall be marked or identified as "CONFIDENTIAL" prior to any dissemination of the information or documents in this action. All such documents shall be subject to the terms and conditions set forth in this Protective Order and shall be referred to herein as the "Protected Material."

b.    No party, attorney, or their representatives shall publicly disseminate the above-described confidential information or documents except as provided in Paragraph 5 below.

c.    All confidential information and documents identified herein shall be used only for purposes of this litigation.

d.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Protected Material provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen (14) days after the document or information has been disclosed, or the date of disclosure, shall thenceforth be treated as Protected Material subject to all the terms of this Protective Order.

e.    Within 30 days of the entry of a final non-appealable order in this lawsuit, the originals and all copies of the confidential information or documents shall be returned to the party producing it or, alternatively, it shall be certified in writing that all copies of the confidential information or documents have been destroyed.

3.     <u>Access to Use of Protected Material</u>. Protected Material, including copies, shall not be used for any purpose other than for the litigation of the above-captioned action, and any related appellate proceedings, and disseminated except to the following:

    a.     One copy to each party through counsel of record. Copies of Protected Material may be made by or for only those persons identified in Paragraph 2 as authorized recipients of Protected Material, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL." All copies of Protected Material are subject to the provisions of this Protective Order as though they were original Protected Material.

    b.     Each counsel or co-counsel of record and staff of counsel of record shall have access to the confidential documents as may be necessary in this litigation in the judgment of that counsel.

    c.     A copy may be provided by counsel of record to any expert witness, or to any consulting expert, who reasonably has need for it.

    d.     Any person whose testimony is taken or is to be taken in this litigation during his or her testimony and in preparation therefor.

    e.     The Court and its personnel.

    f.     Such other person(s) the Court shall determine.

4.     <u>Disclosure</u>.

    a.     Prior to disclosing, displaying or any dissemination of the Protected Material to any person, counsel shall:

        i.     Inform the person of the confidential nature of the information or documents; and

        ii.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

b.   If copies of Protected Material covered by this Protective Order are made exhibits at any deposition or Court Proceeding, those exhibits shall be filed under seal and kept under seal until a further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of the Protective Order regarding Protective Material), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only Confidential portions of filings with the Court shall be filed under seal. Nothing in this Protective Order shall be deemed to preclude admissibility of the Protected Material as evidence at trial.

c.   To the extent that deposition testimony contains testimony identified as Protected Material, the parties shall identify the Protective Material contained in the testimony by page and line number within thirty (30) days after receiving a copy of the transcript.

d.   To the extent that any party received a *subpoena duces tecum* from a third-party or any discovery request from another party to the litigation seeking disclosure of the Protected Material, it shall be sufficient for the party to cite to this Protective Order.

e.   The Protected Material may be displayed to and discussed with the persons identified in Paragraphs 3(c) and 3(d) only on the condition that prior to any such display or discussion, each such person shall be asked to execute an agreement to be bound by this Protective Order (the "Confidentiality Agreement"). A copy of the Confidentiality Agreement is attached hereto as Exhibit "A". In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Protected Material may seek appropriate relief from the Court. A copy of the signed Confidentiality Agreement shall be provided to opposing counsel prior to any disclosure.

5.   If a dispute arises as to whether a particular document is confidential,

or any other disputed matter relating to this Protective Order, the party or attorneys contending a document is confidential may, after attempting and failing to resolve the dispute among counsel, file a motion to enforce the terms and conditions of the Protective Order. The documents shall be treated as confidential until a court order determining otherwise is obtained. The designation of a document as confidential does not create any presumption regarding actual confidentiality of any document, nor does it affect the burden of proof necessary for obtaining a further order from the Court freeing the material in question from designation as confidential or a further restricting of its use. If the party asserting confidentiality does not file a motion to determine confidentiality of documents within 30 days of written notice of a dispute regarding the confidentiality of those documents, then those documents will not be considered confidential nor treated as such.

6.    <u>No Prejudice</u>. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Protected Material; or to object to the production of documents or information; or for modification of this Protective Order. This Protective order may be enforced and any violation may result in the imposition of sanctions by the Court. This Protective Order shall not diminish any existing obligation or right with respect to Protected Material.

7.    <u>Final Disposition</u>. Within 30 days of the final termination of this litigation, including any appeals, counsel for the party who received Protected Material shall, upon request, return, or certify as destroyed, all Protected Material, including partial or complete copies, transcriptions, extracts, abstracts, notes or summaries of Protected Material, whether in printed, computerized or electronic form. For archival purposes, counsel may retain pleadings, attorney and expert or consultant work product, depositions, and correspondence and the parties' own internal memoranda, all of which shall remain subject to the provisions of this

Protective Order.

8.  <u>Improper Disclosure</u>. All parties and their respective counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of the Protected Material. If any Protected Material is disclosed to any person other than those authorized herein and/or other than in the manner authorized herein, then counsel for the party responsible for such disclosure must immediately:

    a.    notify in writing to the designating party of the unauthorized use or disclosure;

    b.    use its best efforts to retrieve all copies of the Protected Material;

    c.    inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

    d.    request that such person or persons execute the Confidentiality Agreement to be bound by this Protective Order in the for attached hereto as Exhibit A.

9.  <u>Survival</u>. The binding effect of this Protective Order shall survive termination of this action. The Court shall retain jurisdiction to enforce this Protective Order. This Protective Order may be amended by: (a) a stipulation signed by counsel for all parties to this litigation and filed with the Court; or (b) an order of the Court.

**ORDERED**  30th day of May 2025.


_____
Brian Morris, Chief District Judge
United States District Courts

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAYMOND WOLF, | CV 24-190-BU-BMM |
| Plaintiff, | Judge Brian Morris |
| vs. | **<u>CONFIDENTIALITY AGREEMENT</u>** |
| AUSTIN MUTUAL INSURANCE COMPANY and DOE CORPORATIONS 1-5, | **EXHIBIT A TO PROTECTIVE ORDER** |
| Defendants. | |

    1.    My name is _____. I am employed as (position) _____ by (name and address of employer) _____

_____.

    2.    I have been provided a copy of the Protective Order entered in this action, dated _____. I have read and understand the provisions of the Protective Order, and I agree to comply with and be bound by its provisions. I submit to the personal jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Protective Order.

    3.    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this _____ day of _____, 20_____.


By: _____

Printed Name: _____